# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** BARNA, MICHAEL

**DEFENDANTS** CITY OF PHILADELPHIA 14 1098

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF PATRICK G. GECKLE, LLC, 1500 J.F.K. Blvd., Ste. 1850, Phila. PA 19102 - 215-735-3326

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 42 U.S.C. §1983

Brief description of cause: Plaintiff was denied his constitutional and statutory rights.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 500,000.00

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE 2/12/2014 SIGNATURE OF ATTORNEY OF RECORD

FEB 24 2014

Patrick G. Geckle, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

14-CV-1098

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 6502 Ditman Street, Philadelphia, PA 19135

Address of Defendant: 1515 Arch Street, 14th Floor, Claims Unit, One Parkway Building, Philadelphia, PA 19102-1595

Place of Accident, Incident or Transaction 6600 block of Jackson Street where it intersects with Magee Street, Philadelphia, PA
(Use Reverse Side For Additional Space)

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

---

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

2014

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, Patrick G. Geckle, Esquire, counsel of record do hereby certify:

XX Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/12/2014 [signature] Attorney-at-Law 26718 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 2/14/2014 [signature] Attorney-at-Law 26718 Attorney I.D.#

**APPENDIX I**



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| MICHAEL BARNA | : | CIVIL ACTION |
| | : | |
| v | : | 14 1098 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| 2/12/2014 | Patrick G. Geckle | Michael Barna |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-735-3326 | 215-567-1998 | pgeckle@pgglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

2014

(Civ. 660) 10/02

$ 400.00

JD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
FEB 24 2014
MICHAEL E. KUNZ, Clerk
By ______ Dep. Clerk

14 1098

| | |
|---|---|
| MICHAEL BARNA<br>6502 Ditman Street<br>Philadelphia, PA 19135 | |
| vs. | |
| CITY OF PHILADELPHIA<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595 | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |
| and<br>SERGEANT PATRICK LOVE<br>BADGE NUMBER 8554<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595 | |
| and<br>POLICE OFFICER SEAN T. DEVLIN<br>BADGE NUMBER 5900<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595 | Attorney ID# 26718 |
| and<br>POLICE OFFICER LAPETINA<br>BADGE NUMBER 2556<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595 | |
| and<br>POLICE OFFICER JOHN/JANE Doe #1<br>BADGE NUMBER 2621<br>15TH POLICE DISTRICT<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building | |

141
2-24-14

1515 Arch Street, 14th Floor :
Philadelphia, PA 19102-1595 :
and :
POLICE OFFICER JOHN/JANE DOE #2 :
BADGE NUMBER 7142 :
15TH POLICE DISTRICT :
Individually and as a police officer :
for the City of Philadelphia :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building :
1515 Arch Street, 14th Floor :
Philadelphia, PA 19102-1595 :
and :
JOHN/JANE DOE(S) 3 through 10 :
Police Officers, Supervisors, :
Trainers, Instructors, Employees, :
Agents and/or Servants of the :
City of Philadelphia and/or :
Philadelphia Police Department, :
Individually, Jointly, Severally :
and/or in the Alternative :

**COMPLAINT**

**Jurisdiction**

1. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate state law claims.

**Parties**

2. Plaintiff, Michael Barna ("Mr. Barna"), is an adult individual who resides at 6502 Ditman Street, Philadelphia, Pennsylvania, 19135

3. Defendant, City of Philadelphia, is a municipality of the

Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendants, Sergeant Patrick Love (Badge No. 8554), Police Officer Sean T. Devlin (Badge No. 5900), Police Officer Lapetina (Badge No. 2556), Police Officer John/Jane Doe #1 (Badge No. 2621), Police Officer John/Jane Doe #2 (Badge Number 7142), and John/Jane Doe(s) 3 through 10.

4. Defendant, Sergeant Patrick Love, Badge Number 8554, is a police officer for the Philadelphia Police Department acting under color of state law. At the time of the incident he was a member of the 15th District of the Philadelphia Police Department. He is being sued in his individual and official capacity.

5. Defendant, Police Officer Sean T. Devlin, Badge Number 5900, is a police officer for the Philadelphia Police Department acting under color of state law. At the time of the incident he was a member of the 15th District of the Philadelphia Police Department. He is being sued in his individual and official capacity.

6. Defendant, Police Officer Lapetina, Badge No. 2556, is a police officer for the Philadelphia Police Department acting under color of state law. At the time of the incident he was a member of the 15th District of the Philadelphia Police Department. He is being sued in his individual and official capacity.

7. Defendant John/Jane Doe #1, Badge No. 2621, is a police

officer for the Philadelphia Police Department acting under the color of state law. At the time of the incident John/Jane Doe #1, Badge No. 2621, was a member of the 15th District of the Philadelphia Police Department. John/Jane Doe #1, Badge No. 2621, is being sued in their individual and official capacity.

8. Defendant John/Jane Doe #2, Badge No. 7142, is a police officer for the Philadelphia Police Department acting under the color of state law. At the time of the incident John/Jane Doe #2, Badge No. 7142, was a member of the 15th District of the Philadelphia Police Department. John/Jane Doe #2, Badge No. 7142, is being sued in their individual and official capacity.

9. Defendant John/Jane Doe(s) 3 through 10 being fictitious names, were police officers, supervisors, trainers, instructors, employees, agents and/or servants of the City of Philadelphia and/or the Philadelphia Police Department, and otherwise performed or engaged in conduct incidental to the performance of their lawful functions in the course of their duties as police officers. These Defendants are being sued in their individual and official capacities.

10. At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiff, Mr. Barna, of his constitutional and statutory rights as hereinafter described.

## Factual Allegations

11. On or about September 1, 2012 at approximately 10:00 p.m., Plaintiff, Mr. Barna, was in the area of 6518 Ditman Street with some friends.

12. While Mr. Barna was hanging out with his friends he heard someone yell, "Hey, you!" Mr. Barna started to run away when he heard the yelling. Mr. Barna did not look back to see who yelled, he just ran.

13. Mr. Barna cut through a cemetery and ran out onto Jackson Street. Mr. Barna came out on Jackson street, at or around the 6600 block of Jackson, where it intersects with Magee Street. At no point while he was running did he hear anyone identify themselves as a police officer.

14. While Mr. Barna was running within the intersection of Jackson and Magee Streets he was subjected to a TASER shock in "probe mode" as he running in the intersection. As a result of the TASER shock, Mr. Barna fell in the intersection.

15. "Probe mode" is a function of a TASER device whereby two barbs are deployed from a distance of up to 25 feet and a continuous electric shock is administered to a suspect through the barbs. The electric shock is intended to paralyze the suspect's muscles rendering him unable to control his movements.

16. As a result of being struck by the TASER barbs, Mr. Barna's muscles became paralyzed, he was unable to control his

movements, and he plunged face first into the intersection.

17. Shortly after falling in the middle of the intersection, he was struck by a Philadelphia police car being operated by Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge Number 2621), Defendant Police Officer John Doe #2 ( Badge Number 7412) and/or Defendant Police Officers John/Jane Does 3 through 10.

18. At all times relevant hereto, Mr. Barna was unarmed and posed no reasonable threat to any of the Defendant police officers or to the public.

19. The act of subjecting Mr. Barna to a TASER shock while he was fleeing from the police was a direct violation of Philadelphia Police Department Directive 22. More specifically, the Philadelphia Police Department use of force policies concerning TASER use specifically states that it shall not be used against an unarmed suspect attempting to allude capture by fleeing that is wanted for a nonviolent misdemeanor, summary or traffic offense. Mr. Barna was suspected of committing nothing more than a misdemeanor although in fact, he had not committed any crime.

20. Mr. Barna was TASERED in the back while running by Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge No. 2621), Defendant Police

Officer John/Jane Doe #2 (Badge No. 7142) and/or Defendant John/Jane Doe 3 through 10.

21. Mr. Barna tried to stand up after being hit by the Philadelphia police vehicle, but his leg was broken. Also, Mr. Barna has suffered a fracture to his shoulder and wrist. Mr. Barna was physically unable to resist arrest or continue to run.

22. Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge No. 2621), Defendant Police Officer John/Jane Doe #2 (Badge No. 7142) and/or Defendant John/Jane Doe 3 through 10 tackled Mr. Barna.

23. Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge No. 2621), Defendant Police Officer John/Jane Doe #2 (Badge No. 7142) and/or Defendant John/Jane Doe 3 through 10 Struck Mr. Barna in the head and body with a blunt object.

24. Upon information and belief Mr. Barna was struck with an ASP, a Baton, and/or a Flashlight by Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge No. 2621), Defendant Police Officer John/Jane Doe #2 (Badge No. 7142) and/or Defendant John/Jane Doe 3 through 10.

25. After falling in the street, Plaintiff Michael Barna did nothing to resist arrest nor did he engage in any conduct which could have been considered threatening to any of the Defendant police officers or to anyone else.

26. After the beating by Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge No. 2621), Defendant Police Officer John/Jane Doe #2 (Badge No. 7142) and/or Defendant John/Jane Doe 3 through 10 finished, Mr. Barna was handcuffed at taken to the hospital.

27. Mr. Barna lost consciousness due to the blows to his head by Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge No. 2621), Defendant Police Officer John/Jane Doe #2 (Badge No. 7142) and/or Defendant John/Jane Doe 3 through 10.

28. The use of excessive force by Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge No. 2621), Defendant Police Officer John/Jane Doe #2 (Badge No. 7142) and/or Defendant John/Jane Doe 3 through 10 was the proximate cause and/or direct cause of Mr. Barna's injuries.

29. Mr. Barna suffered a non-displaced greater tuberosity

fracture to his right shoulder; a displaced, impacted and depressed lateral tibial plateau fracture to his right leg; a fracture of the distal radius in his right wrist, which was intra-articular; contusions to both his hands; a laceration to his face, which required approximately 40 stitches; and possibly other injuries.

30. Also, as a result of the defendant officers' use of excessive force, Mr. Barna suffered swelling to his head and face. At no time during the assault did Plaintiff, Mr. Barna resist arrest or become combative with Police.

31. In the alternative, Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge No. 2621), Defendant Police Officer John/Jane Doe #2 (Badge No. 7142) and/or Defendant John/Jane Doe 3 through 10 should have intervened and stopped a fellow Philadelphia Police Officer's or Officers' use of excessive force on Mr. Barna.

32. Because of the defendant officer's or Officers' failure to intervene and stop a fellow Philadelphia Police Officer's or Officers' use of excessive force, Mr. Barna suffered a non-displaced greater tuberosity fracture to his right shoulder; a displaced, impacted and depressed lateral tibial plateau fracture to his right knee; a fracture of the distal radius in his right wrist, which was intra-articular; contusions to both his hands; a laceration to his face, which required approximately 40 stitches.

33. The use of unreasonable force in this case, is an example of the Defendants' pattern, practice and custom of subjecting citizens such as Mr. Barna to excessive force during pedestrian investigations and arrests.

34. Based on the aforementioned acts and conduct, it is clear that Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge No. 2621), Defendant Police Officer John/Jane Doe #2 (Badge No. 7142) and/or Defendant John/Jane Doe 3 through 10 acted willfully, deliberately, maliciously, and with reckless disregard for the constitutional and statutory rights of Mr. Barna.

35. Defendant City of Philadelphia, as a matter of policy, practice, and/or custom, has with deliberate indifference failed to adequately discipline, supervise, train, or otherwise direct police officers, including Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge No. 2621), Defendant Police Officer John/Jane Doe #2 (Badge No. 7142) and/or Defendant John/Jane Doe 3 through 10 in the proper use of force, specifically the use of physical force, ASP/Baton, and TASERs on individuals who are not physically resisting, thereby causing the defendant police officers to engage in the unlawful, excessive, and reckless use of force described above.

36. Defendant City of Philadelphia, as a matter of policy, practice, and/or custom, has with deliberate indifference failed to conduct proper, adequate, and meaningful investigations into a Police Officer's improper use of force, including the use of punches, ASPs/Batons, and TASERs; and into complaints about the use of unreasonable force against injured and/or non-resisting civilians by police officers; thereby causing and encouraging police officers, including Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge No. 2621), Defendant Police Officer John/Jane Doe #2 (Badge No. 7142) and/or Defendant John/Jane Doe 3 through 10 to engage in the unlawful conduct described above.

37. The failure of the Defendant City of Philadelphia, with deliberate indifference, to provide adequate discipline, supervision, and training regarding the proper use of force, specifically physical force, ASPs/Batons, and TASERs, was a proximate cause and substantial factor in the Plaintiff, Mr. Barna, being subjected to excessive force by Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge No. 2621), Defendant Police Officer John/Jane Doe #2 (Badge No. 7142) and/or Defendant John/Jane Doe 3 through 10.

38. The use of force by the Defendant police officers violated clearly established law.

39. At the time of the use of force in this case, TASER International, the manufacturer of the TASER devise used against Mr. Barna, had issued a product warning, known to all users, including all Defendants herein, indicating that use of the device against an individual who was running would increase the risk of death or serious injury resulting from a fall. TASER further warned that the use of a TASER may cause "muscular contraction, neuromuscular incapacitation ("NMI"), startling, and falling which could result in death or serious injury".

40. All of the Defendants had knowledge of the fact that the use of the TASER against Mr. Barna under the circumstances presented herein could cause death or serious injury. Despite the fact that Mr. Barna was unarmed, and was suspected of a minor theft offense, the Defendant police officers maliciously and with wanton disregard of the rights of the Plaintiff used the TASER device against him.

41. A subsequent use of force investigation by the Philadelphia Police Department found that the use of force against Mr. Barna was proper despite the fact that the use violated Philadelphia Police Department Directive 22 and contravened written warnings from the manufacturer of the TASER.

42. Approval of the Defendant officers' conduct by a relevant

official imposes liability on the City of Philadelphia because it shows that the Defendant employee acted in conformance with municipal policy.

43. A policymakers approval of the employees' conduct shows that it is in conformance with municipal policy.

44. Defendant City of Philadelphia ratified the actions of the Defendant officers herein when it approved the investigation into the Defendant officers' conduct in using the TASER on Mr. Barna.

45. As a direct and proximate result of the aforementioned acts and conduct of the defendants; Mr. Barna sustained physical injuries, psychological harm, and possibly other injuries causing him pain and suffering.

**FIRST CAUSE OF ACTION**
**FEDERAL CIVIL RIGHTS VIOLATIONS**

46. Plaintiff incorporates by reference paragraphs 1 through 45 of the instant Complaint.

47. As a direct and proximate result of all of the Defendants' conduct, committed under color of state law, Plaintiff, Mr. Barna was deprived of his right to be free from the unreasonable use of excessive force and to be secure in his person and property. As a result, Mr. Barna suffered and continues to suffer harm, losses, damages, and injury in violation of his rights under the laws of the Constitution of the United States, in

particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

48. As a direct and proximate result of the acts of all Defendants, Mr. Barna sustained physical injuries, emotional distress, psychological harm, pain, financial loss; all to his detriment and harm.

49. The violations of Mr. Barna's constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, Mr. Barna's damages, and/or the misconduct by the defendant police officer(s) were directly and proximately caused by the actions and/or inactions of the City of Philadelphia, which has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different discipline, supervision, investigation or training in the following areas:

a. The use of unreasonable force, specifically the unlawful use of punches, ASPs/Batons, and TASERs against individuals who are not physically resisting and/or pose no threat to the Officer's safety;

b. The proper exercise of police powers, including but not limited to the use of force, the force continuum, and the excessive use of force;

c. The failure to identify and take remedial disciplinary action against police officers who were

the subject of prior civilian or internal complaints of misconduct regarding excessive force;

d. Police officers' use of their status as police officers to employ the use of excessive force to achieve ends not reasonably related to the police duties;

e. Police officers' use of the authority and power of their office for personal ends and to intimidate, coerce, and threaten citizens; and

f. The failure of police officers to follow established policies, procedures, directives, and instructions regarding the use of force under such circumstances as presented herein.

50. The City of Philadelphia has failed to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers. This failure on the part of the City of Philadelphia causes and/or encourages Philadelphia Police Officers, including the defendant police officer(s), to violate the rights of citizens such as Mr. Barna.

51. By way of example, upon information and belief, Defendant Sergeant Love, Defendant Police Officer Devlin, Defendant Police Officer Devlin, Defendant Police Officer Lapetina, Defendant Police Officer John/Jane Doe #1 (Badge No. 2621), Defendant Police Officer

John/Jane Doe #2 (Badge No. 7142) and/or Defendant John/Jane Doe 3 through 10 failed to document that Mr. Barna has been struck by a police vehicle after being unnecessarily TASERED in the back while running away.

52. Defendants have by the above described actions deprived Plaintiff, Mr. Barna of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs;

d. Such other and further relief as appears reasonable and just; and

e. A jury trial as to each Defendant and as to each count.

**SECOND CAUSE OF ACTION**
**SUPPLEMENTAL STATE CLAIMS**

53. Plaintiff incorporates by reference paragraphs 1 through 52 of the instant Complaint.

54. The acts of the individual Defendants in this cause of action constitute assault and battery under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

55. At all times relevant hereto, the motor vehicle which

struck Plaintiff in the intersection of Jackson and Magee Streets was a Philadelphia Police Department vehicle being operated by a Philadelphia police officer as agent, servant, workman or employee of the City of Philadelphia, acting within the scope of his authority.

56. The negligence of the operator of the Philadelphia police vehicle which struck Plaintiff in the intersection of Magee and Jackson Streets as aforesaid consisted of the following:

a. Failure to properly operate and control his motor vehicle;

b. Driving at an excessive rate of speed under the circumstances;

c. Failure to keep a proper lookout;

d. Failure to look both ways before entering an intersection;

e. Failure to keep constant vigilance of the road, traffic, weather, and road conditions;

f. Failure to operate a vehicle with due regard for the rights, safety and well being for others and Plaintiff;

g. Violation of the Statutes of the Commonwealth of Pennsylvania, as well as the Ordinances of Philadelphia County governing the operations of motor vehicles on the streets and highways;

h. Failing to have his motor vehicle under proper control so as to prevent his vehicle from striking Plaintiff;

i. Failing to notice Plaintiff lying in the middle of the intersection;

j. Failing to take evasive action in order to avoid striking Plaintiff;

k. Failing to apply the brakes in sufficient time to avoid striking Plaintiff;

m. Failing to steer the vehicle to avoid striking Plaintiff;

n. Failure to use due care under the circumstances;

o. Such other negligence, carelessness and recklessness as may be determined through the process of discovery;

p. Negligence and recklessness at law.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs;

d. Such other and further relief as appears reasonable and just; and

e. A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

BY: ______________________________

Patrick G. Geckle,
Attorney I.D. No.: 26718
PATRICK G. GECKLE, LLC
Two Penn Center - Ste. 1850
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
(215) 735-3326
E-Mail: pgeckle@pgglaw.com
Counsel for Plaintiff